IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TARA VELASQUEZ, as Personal
Representative of the Estate of
JUAN JOSE VELASQUEZ, deceased,
and Individually,

        Plaintiff,

vs.                                                                                                                                                              No. CIV 05-475 JB/LFG

HARRY TIPTON, CRAIG FOSSETT,
DONALD DAVIS, EDDIE HOGAN,
ROY HARTMAN, MIKE DWYER, NICHOLAS
CAMPBELL, LINDA HILL, WILLIAM SHANNON,
and JOANNE CHACON, in their individual capacities,
THE CITY OF ALBUQUERQUE, and
CORRECTIONAL MEDICAL SERVICES INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Opposed Motion for Extension of Time to Answer, Object or Otherwise Respond to Discovery Requests to Defendants Harry Tipton, Craig Fossett, Donald Davis, Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell and Linda Hill ("First Motion"), filed September 19, 2005 (Doc. 30); (ii) Second Opposed Motion for Extension of Time to Answer, Object or Otherwise Respond to Discovery Requests to Defendants Harry Tipton, Craig Fossett, Roy Hartman and Linda Hill ("Second Motion"), filed October 2, 2005 (Doc. 33). The primary issue is whether the busy litigation workload of the City of Albuquerque's attorneys is a sufficient justification for an extension of time to respond to discovery. Because the Court believes that the City's busy litigation schedule is a good and adequate basis for the motions, the Court will grant both motions.

**PROCEDURAL BACKGROUND**

The deadline for discovery is January 9, 2006. See Provisional Discovery Plan at 2, filed July 7, 2005 (Doc. 20). On August 16, 2005, Plaintiff Tara Velasquez served discovery requests – First Set of Interrogatories and Requests for Production -- by mail on Defendants Harry Tipton, Craig Fossett, Donald Davis, Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell, and Linda Hill ("MCDC Defendants"). See First Motion at 1-2; Second Motion at 1-2. As the Certificate of Service filed on August 16, 2005 (Doc. 27) shows, the discovery requests were served by mail, thereby making the responses due on September 19, 2005. The MCDC Defendants' counsel represents that she tried a jury trial in state court on September 6 and 7, 2005 and had depositions in several other cases, which made it difficult to schedule meetings with eight defendants and complete the discovery responses. See First Motion at 2. In addition, Fossett has retired from employment with the City of Albuquerque. See id.

The MCDC Defendants requested an extension until and including September 30, 2005 in which to serve their responses, including objections. See id. The MCDC Defendants represent that Velasquez advised that she would grant the extension only if the MCDC Defendants agreed to waive their objections; the MCDC Defendants believe they have valid objections and intend to assert them where appropriate. See id. Velasquez contends that MCDC Defendants' counsel mischaracterizes her response to the request for an extension of time; Velasquez states that she was willing to give an extension of time for responses, but requested that the MCDC Defendants make objections on September 19, 2005. See Plaintiff's Response to Opposed Motion for Extension of Time to Answer, Object or Otherwise Respond to Discovery Requests to Defendants Harry Tipton, Craig Fossett, Donald Davis, Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell and Linda Hill

("Response") at 1, filed October 3, 2005 (Doc. 34). Velasquez contends that the nature of the objections would not change with the additional week sought. See id.

Velasquez granted co-Defendants William Shannon, Joanne Chacon, and Correctional Medical Services, Inc. an extension until and including September 26, 2005 to respond to the discovery requests served on them on the same date as those served on the MCDC Defendants. See First Motion at 2. Velasquez did not impose a condition as to waiver of objections on the CMS Defendants. See id. at 2.

On September 19, 2005, the MCDC Defendants filed their first opposed motion of time to file responses. The MCDC Defendants move the Court for an order extending until September 26, 2005 the time in which they may respond to Plaintiff Tara Velasquez' discovery requests. See id. On September 30, 2005, the MCDC Defendants served Campbell's, Davis', Hogan's, and Dwyer's responses. See Second Motion at 2. As anticipated, the City filed objections to many of the interrogatories and requests for production, and did not respond for Fossett. See Response at 2. The counsel for the MCDC Defendants informed Velasquez' counsel that, once again, the City would seek another discovery extension for Fossett, and that she could not provide answers because she could not locate Fossett. See id. at 2 n.1. Because of unexpected workload issues, and that Fossett was out of town, the MCDC Defendants state that they require an additional five days to serve the remaining responses. See Second Motion at 2. Velasquez' counsel represents that she has yet to receive complete production of documents and answers to interrogatories from the MCDC Defendants. See Response at 2. Velasquez asks the Court to assess costs and expenses against the MCDC Defendants for their delay. See id.

## ANALYSIS

The City cites its busy schedule as a reason for not timely filing responses. See First Motion at 2. Velasquez contends that the City's schedule is a direct result of the Mayor's policy not to conduct settlements in any cases involving police officers. See Response at 1. Velasquez reasons that the busy schedule of the City's attorneys is thus not a valid reason for delay. See id.

It could be well into November, possibly December, before the Court decides any motions to compel. Velasquez may therefore have to conduct the Defendants' depositions without substantial material information in the Defendants' possession. While the timing of the MCDC Defendants' responses may create some prejudice to Velasquez, there will be no substantial prejudice to Velasquez or to any other party if the Court grants the MCDC Defendants their requested extension to September 30, 2005 and to October 5, 2005, respectively. The Court believes that it can mitigate any prejudice with extensions of time, if appropriate.

**IT IS ORDERED** that the Opposed Motion for Extension of Time to Answer, Object or Otherwise Respond to Discovery Requests to Defendants Harry Tipton, Craig Fossett, Donald Davis, Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell and Linda Hill, and the Second Opposed Motion for Extension of Time to Answer, Object or Otherwise Respond to Discovery Requests to Defendants Harry Tipton, Craig Fossett, Roy Hartman and Linda Hill is granted. The Court grants Defendants Harry Tipton, Craig Fossett, Donald Davis, Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell, and Linda Hill until September 30, 2005 to answer, object, or otherwise respond to the Plaintiff's First Set of Interrogatories and Requests for Production directed to each of them. The Court grants Tipton, Fossett, Hartman, and Hill a further extension until October 5, 2005 to answer, object, or otherwise respond to the Plaintiff's First Set of Interrogatories

and Requests for Production directed to each of them.  The Court denies the Plaintiff's motion for fees and costs.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

Paul J. Kennedy
Mary Y.C. Han
Rosemary L Bauman
Kennedy & Han, P.A.
Albuquerque,  New Mexico

       *Attorneys for Plaintiff*

Robert M. White
  City Attorney
Kathryn C. Levy
  Deputy City Attorney
City of Albuquerque Legal Department
Albuquerque,  New Mexico

       *Attorneys for Defendants Harry Tipton, Craig Fossett, Donald Davis,*
       *Eddie Hogan, Roy Hartman, Mike Dwyer, Nicholas Campbell,*
       *Linda Hill, and The City of Albuquerque*

Debra J. Moulton
Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque,  New Mexico

       *Attorneys for William Shannon, Joanne Chacon*
       *in their individual capacities, and*
       *Correctional Medical Services Inc.*